1  ROB BONTA
   Attorney General of California
2  RENUKA GEORGE
   Senior Assistant Attorney General
3  EMILIO VARANINI (SBN 163952)
   Supervising Deputy Attorney General
4  LAUREN ZWEIER (SBN 291361)
   Deputy Attorney General
5    455 Golden Gate Ave., Suite 11000
     San Francisco, CA 94102
6    Telephone: (415) 510-4400
     Facsimile: (415) 703-5908
7    Email: Emilio.Varanini@doj.ca.gov
8           Lauren.Zweier@doj.ca.gov

9  DARCIE TILLY (SBN 239715)
   Deputy Attorney General
10   600 West Broadway, Suite 1800
     San Diego, CA 92101-3702
11   P.O. Box 85266
     San Diego, CA 92186-5266
12   Telephone: (619) 738-9000
     Facsimile: (619) 645-2012
13   Email: Darcie.Tilly@doj.ca.gov

14
15 [Additional Counsel on the Signature Page]
   *Attorneys for the People of the State of California*

16
                IN THE UNITED STATES DISTRICT COURT
17
                FOR THE CENTRAL DISTRICT OF CALIFORNIA
18

19

20 | PEOPLE OF THE STATE OF CALIFORNIA, | 2:23-cv-01929 |
21 | | **THE PEOPLE'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE CERTAIN DEFENSES FROM DEFENDANT EXPRESS SCRIPTS, INC.'S ANSWER** |
   | Plaintiff, | |
22 | v. | |
23 | ELI LILLY AND COMPANY, et al., | |
24 | Defendants. | Hearing Date: July 19, 2023
Hearing Time: 1:30 p.m.
Judge: Hon. Sherilyn Peace Garnett
Courtroom: 5C |
25
26
27 | | Complaint Filed (LASC): 1/12/23
Action Removed: 3/15/23
Trial Date: None Set |
28

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................... 1
LEGAL STANDARD ............................................................................................... 2
ARGUMENT ............................................................................................................ 3
    I.    ESI's Twelve Defective Defenses Fail as to Both the People's UCL and Unjust Enrichment Claims ...................................................... 3
        A.    ESI's Defenses That Are Insufficient As a Matter of Law Should Be Stricken ............................................................................ 3
            1.    ESI's First and Thirteenth Defenses Fail as a Matter of Law Because They Are Not Affirmative Defenses and Should Be Stricken with Prejudice ............ 3
            2.    ESI's Second, Third, Fourth, Fifth, and Sixth Defenses Fail as a Matter of Law as to Both Claims and the Ninth, Eleventh, and Fifteenth Defenses Fail as a Matter of Law as to the UCL Claim .................. 4
                a.    ESI's Equitable Defenses Should Be Stricken with Prejudice as to the People's UCL Claim ....... 4
                b.    ESI's Equitable Defenses Should Be Stricken with Prejudice as to the People's Unjust Enrichment Claim ...................................................... 6
                c.    ESI's Arbitration, Contract, and Business Consideration Defenses Should be Stricken with Prejudice as to the People's UCL Claim ....... 6
        B.    ESI's Seventh and Tenth Defenses Fail as a Matter of Law Because They are Immaterial and Impertinent and Should Be Stricken with Prejudice ............................................. 8
        C.    ESI's Second, Third, Fourth, Fifth, Sixth, Seventh, Ninth, Tenth, Eleventh, and Fifteenth Defenses Are Insufficient as a Matter of Pleading and Should Be Stricken ........................ 8
    II.    The People Will Be Prejudiced if ESI's Defective Defenses Are Not Stricken ................................................................................... 10
CONCLUSION ....................................................................................................... 11

# TABLE OF AUTHORITIES

Page

**CASES**

*Casey v. U.S. Bank Nat. Assn.*
  127 Cal. App. 4th 1138 (2005) ................................................................................ 9

*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*
  20 Cal. 4th 163 (1999) ............................................................................................ 7

*Cortez v. Purolator Air Filtration Prod. Co.*
  23 Cal. 4th 163 (2000) ............................................................................................ 5

*Fantasy, Inc. v. Fogerty*
  984 F.2d 1524 (9th Cir. 1993) ................................................................................ 2

*Fed. Trade Comm'n v. Debt Sols., Inc.*
  No. C06-298JLR, 2006 WL 2257022 (W.D. Wash. Aug. 7, 2006) ....................... 4

*G & G Closed Cir. Events, LLC v. Nguyen*
  No. 10-CV-00168-LHK, 2010 WL 3749284 (N.D. Cal. Sept. 23, 2010) ................................................................................................................. 8

*Garamendi v. Mission Ins. Co.*
  15 Cal. App. 4th 1277 (1993) ................................................................................. 5

*Gibson Brands, Inc. v. John Hornby Skewes & Co.*
  CV 14–00609 ........................................................................................................ 7

*Hobby Indus. Ass'n of Am., Inc. v. Younger*
  101 Cal. App. 3d 358 (1980) .................................................................................. 7

*J & J Sports Prods., Inc. v. Bear*
  No. 1:12-CV-01509-AWI, 2013 WL 708490 (E.D. Cal. Feb. 26, 2013) ................................................................................................................. 8

*J & J Sports Prods., Inc. v. Luhn*
  Civ. No. 2:10–3229 JAM CKD, 2011 WL 5040709 (E.D. Cal. Oct. 24, 2011) ............................................................................................................ 11

*Kofsky v. Smart & Final Iris Co.*
  131 Cal. App. 2d 530 (1955) .................................................................................. 5

# TABLE OF AUTHORITIES
## (continued)

Page

*LF Centennial Ltd. v. Inovex Furnishings Corp.*
   No. CV-17-05824-AB-MRWx, 2017 WL 9486124 (C.D. Cal. Dec.
   14, 2017) ................................................................................................. 3

*Mary R. v. B. & R. Corp.*
   149 Cal. App. 3d 308 (1983) ............................................................... 5, 6

*McCune v. Munirs Co.*
   No. 2:12-CV-02733-GEB, 2013 WL 5467212 (E.D. Cal. Sept. 30,
   2013) .................................................................................................. 8, 9

*McGill v. Citibank, N.A.*
   2 Cal. 5th 945 (2017) ............................................................................. 5

*Misra v. Decision One Mortg. Co., LLC*
   No. SA-CV-0700994-DOC-RCx, 2008 WL 11336176 (C.D. Cal.
   Mar. 24, 2008) ....................................................................................... 5

*People v. James*
   122 Cal. App. 3d 25 (1981) ................................................................ 4, 7

*People v. Maplebear Inc.*
   81 Cal. App. 5th 923 (2022) .................................................................. 7

*Powell v. Wells Fargo Home Mortg.*
   No. 14-CV-04248-MEJ, 2017 WL 2720182 (N.D. Cal. June 23,
   2017) ...................................................................................................... 8

*Rosario v. 11343 Penrose Inc.*
   No. 2:20-CV-04715-SB-RAO, 2020 WL 8812460 (C.D. Cal. Oct.
   26, 2020) ................................................................................................ 3

*Rosen v. Masterpiece Mktg. Grp., LLC*
   222 F. Supp. 3d 793 (C.D. Cal. 2016) ................................................... 9

*Sec. & Exch. Comm'n v. Semisub, Inc.*
   No. CV 22-00349 ................................................................................... 9

*Tollefson v. Aurora Fin. Grp., Inc.*
   No. C20-0297JLR, 2021 WL 462689 (W.D. Wash. Feb. 9, 2021) ....... 9

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Transamerica Life Ins. Co. v. Rabadi*
  No. CV 15-07623-RSWL-EX, 2016 WL 7444912 (C.D. Cal. Mar. 21, 2016) ................................................................................................. 8, 10, 11

*United States v. Stringfellow*
  661 F. Supp. 1053 (C.D. Cal. 1987) ............................................................ 4

*Ward v. Taggart*
  51 Cal. 2d 736 (1959) ................................................................................. 6

*Washington v. Chimei Innolux Corp.*
  659 F.3d 842 (9th Cir. 2011) ....................................................................... 6

*Zivkovic v. S. Cal. Edison. Co.*
  302 F.3d 1080 (9th Cir. 2002) .................................................................... 3

**STATUTES**

Cal. Bus. & Prof. Code
  § 17200 ........................................................................................................ 1
  § 17203 ........................................................................................................ 5
  § 17204 ...................................................................................................... 11
  § 17206 ........................................................................................................ 5

Cal. Civ. Code
  § 3513 .......................................................................................................... 5

**COURT RULES**

Federal Rule of Civil Procedure
  12(b)(6) ........................................................................................................ 1
  12(f) .............................................................................................. 2, 7, 8, 10

**INTRODUCTION**

The People filed their Complaint in Los Angeles County Superior Court on January 12, 2023. (ECF No. 1-1.) The People allege Express Scripts, Inc. (ESI) and other defendants engaged in unlawful, unfair, and fraudulent acts and practices to artificially raise the price of analog insulin and assert two causes of action under California law. The first cause of action is for violations of the Unfair Competition Law (UCL), California Business & Professions Code section 17200. The second cause of action is for unjust enrichment. The People seek restitution, civil penalties, and injunctive relief, among other relief. On March 15, 2023, ESI removed the action to this Court. (ECF No. 1.) The same day, ESI also filed its Answer, in which it asserted fifteen affirmative defenses. (ECF No. 4.) The People now move to strike twelve of ESI's defenses as legally and/or factually insufficient.

Specifically, the People move to strike:

- ESI's First Defense, Plaintiff failed to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6);
- ESI's Second Defense, Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel;
- ESI's Third Defense, Plaintiff's claims are barred, in whole or in part, by the doctrine of laches;
- ESI's Fourth Defense, Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands;
- ESI's Fifth Defense, Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver;
- ESI's Sixth Defense, Plaintiff's claims are barred, in whole or in part, by the doctrine of *in pari delicto*;
- ESI's Seventh Defense, Plaintiff's claims are barred, in whole or in part because of Plaintiff's failure to mitigate damages;

- ESI's Ninth Defense, Plaintiff's claims are barred, in whole or in part because of an obligation to arbitrate the claims;
- ESI's Tenth Defense, Plaintiff's claims are barred, in whole or in part because of the election of remedies doctrine;
- ESI's Eleventh Defense, Plaintiff's claims are barred, in whole or in part because of the existence of a written contract;
- ESI's Thirteenth Defense, Plaintiff's claims are barred, in whole or in part, because it lacks standing; and
- ESI's Fifteenth Defense, Plaintiff's claims are barred, in whole or in part, because any difference in price is between customers in different functional classifications.

(ESI Answer, ECF No. 4, 30:9-32:4.)

Some of ESI's affirmative defenses are not cognizable; some are immaterial and impertinent; some are insufficiently pleaded; and some cannot bar the People's claims as a matter of law. Striking the improperly asserted defenses will avoid prejudice to the People by streamlining the litigation, including discovery, preserving resources, and preventing the Parties' focus from being diverted to irrelevant issues. Accordingly, the People respectfully request the Court strike ESI's twelve defective defenses.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(f), it is appropriate to strike "an insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike function to avoid the "expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) (citation and alteration omitted). "An affirmative defense may be insufficient as a matter of pleading or as a matter of

law." *Rosario v. 11343 Penrose Inc.,* No. 2:20-CV-04715-SB-RAO, 2020 WL 8812460, at *10 (C.D. Cal. Oct. 26, 2020).

## ARGUMENT

### I. ESI'S TWELVE DEFECTIVE DEFENSES FAIL AS TO BOTH THE PEOPLE'S UCL AND UNJUST ENRICHMENT CLAIMS

ESI's twelve defective defenses fail as to both the People's UCL and unjust enrichment claims and should be stricken.

#### A. ESI's Defenses That Are Insufficient As a Matter of Law Should Be Stricken

An affirmative defense is insufficient as a matter of law when "there is no set of facts that can prove it." *Rosario*, 2020 WL 8812460, at *10 (citation omitted). Several of ESI's defenses are defective as a matter of law.

##### 1. ESI's First and Thirteenth Defenses Fail as a Matter of Law Because They Are Not Affirmative Defenses and Should Be Stricken with Prejudice

ESI's First Defense (failure to state a claim) and Thirteenth Defense (lack of standing) fail as a matter of law because they are not cognizable affirmative defenses. "A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic v. S. Cal. Edison. Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). Such defenses are regularly stricken by the Central District. *See, e.g., Rosario*, 2020 WL 8812460, at *11 ("'[L]ack of standing is not in fact an affirmative defense.'") (quoting *Hernandez v. Cty. of Monterey*, 306 F.R.D. 279, 286 (N.D. Cal. 2015)); *LF Centennial Ltd. v. Inovex Furnishings Corp.,* No. CV-17-05824-AB-MRWx, 2017 WL 9486124, at *6 (C.D. Cal. Dec. 14, 2017) ("[F]ailure to state a claim is not a cognizable defense"). Accordingly, ESI's First and Thirteenth Defenses should be stricken with prejudice as to both the People's UCL and unjust enrichment claims.

## 2. ESI's Second, Third, Fourth, Fifth, and Sixth Defenses Fail as a Matter of Law as to Both Claims and the Ninth, Eleventh, and Fifteenth Defenses Fail as a Matter of Law as to the UCL Claim

ESI's Second Defense (estoppel), Third Defense (laches), Fourth Defense (unclean hands), Fifth Defense (waiver), Sixth Defense (*in pari delicto*), Ninth Defense (arbitration), Eleventh Defense (existence of a contract), and Fifteenth Defense (justification) also cannot be asserted to bar the People's UCL claim. Likewise, the equitable defenses (Second, Third, Fourth, Fifth, and Sixth) cannot be asserted to bar the People's unjust enrichment claim.

### a. ESI's Equitable Defenses Should Be Stricken with Prejudice as to the People's UCL Claim

Estoppel, laches, unclean hands, waiver, and *in pari delicto* are equitable defenses. When a government brings claims in the public interest as part of its law enforcement duties, equitable defenses based on the alleged victims' conduct are disallowed. *United States v. Stringfellow*, 661 F. Supp. 1053, 1062 (C.D. Cal. 1987) ("Since the plaintiffs . . . are acting to protect the public interest, the equitable defenses raised by the defendants cannot be used to preclude liability. . . ."); *Fed. Trade Comm'n v. Debt Sols., Inc.*, No. C06-298JLR, 2006 WL 2257022, at *1 (W.D. Wash. Aug. 7, 2006) (equitable defenses of estoppel, waiver, unclean hands, and laches are unavailable defenses to a party seeking to avoid a governmental entity's exercise of statutory power).

There is significant California authority undermining ESI's equitable defenses. California courts hold that the unclean hands defense is unavailable in law enforcement actions brought by the People pursuant to the UCL. *People v. James*, 122 Cal. App. 3d 25, 39–40 (1981) (rejecting unclean hands defense). Similarly, "the equitable rule that 'he who comes into equity must come with clean hands,' has no application where the failure to restrain an act because the parties are *in pari delicto* would result in permitting an act declared by statute to be void or against

public policy." *Kofsky v. Smart & Final Iris Co.*, 131 Cal. App. 2d 530, 532 (1955). Further, "[t]here can be no estoppel where it would defeat operation of a policy protecting the public." *Garamendi v. Mission Ins. Co.*, 15 Cal. App. 4th 1277, 1289 (1993) (citation omitted). Likewise, laches does not apply because laches "will not be raised against governmental entities when to do so would nullify a strong rule of policy, adopted for the benefit of the public." *Mary R. v. B. & R. Corp.*, 149 Cal. App. 3d 308, 315–16 (1983) (internal alterations omitted). Additionally, waiver is not an available defense since a law, like the UCL, that is "established for a public reason cannot be contravened by a private agreement." Cal. Civ. Code § 3513; *see McGill v. Citibank, N.A.,* 2 Cal. 5th 945, 961 (2017).

   Finally, the California Supreme Court has stated that "equitable defenses may not be asserted to wholly defeat a UCL claim since such claims arise out of unlawful conduct." *Cortez v. Purolator Air Filtration Prod. Co.,* 23 Cal. 4th 163, 179 (2000). While the Supreme Court recognized that equitable considerations might be relevant to fashioning remedies in actions by private parties under California Business and Professions Code section 17203, the Supreme Court did not address civil penalties in law enforcement actions under California Business and Professions Code section 17206. Unlike Section 17203, where the statute *permits* a court to order relief ("may be enjoined" and "may make such orders"), the civil penalties under Section 17206 are *mandatory* ("shall be liable") once a violation of the UCL is found. Cal. Bus. & Prof. Code §§ 17203, 17206. Therefore, ESI's equitable defenses may not bar the People's UCL claim.

   Separately, with respect to laches, because the UCL has a statute of limitations set by statute, attempts to shorten the statute are disallowed. *Misra v. Decision One Mortg. Co., LLC,* No. SA-CV-0700994-DOC-RCx, 2008 WL 11336176, at *8 (C.D. Cal. Mar. 24, 2008) (citing, e.g., *Unilogic, Inc. v. Burroughs Corp.,* 10 Cal. App. 4th 612, 619 (1992)).

Thus, as a matter of law, ESI's equitable defenses (Second, Third, Fourth, Fifth, and Sixth Defenses) cannot defeat the People's UCL claim and should be stricken with prejudice as to that claim.

### b. ESI's Equitable Defenses Should Be Stricken with Prejudice as to the People's Unjust Enrichment Claim

The same reasoning for finding that equitable defenses cannot be asserted against the People's UCL claim supports striking the equitable defenses as to the People's unjust enrichment claim. As discussed, equitable defenses cannot be raised against governmental entities when doing so would nullify a strong rule of policy, adopted for the benefit of the public. *See Mary R.,* 149 Cal. App. 3d at 316.

These criteria for barring ESI's equitable defenses to the unjust enrichment claim are met. There is a public policy in favor of preventing unjust enrichment. *Ward v. Taggart*, 51 Cal. 2d 736, 741 (1959) ("The public policy of this state does not permit one to 'take advantage of his own wrong[,] [citation], and the law provides a quasi-contractual remedy to prevent one from being unjustly enriched at the expense of another.") (citing Cal. Civ. Code § 3517). Additionally, this action, is brought for the benefit of the public. *See Washington v. Chimei Innolux Corp.,* 659 F.3d 842, 847 (9th Cir. 2011) ("The doctrine of *parens patriae* allows a sovereign to bring suit on behalf of its citizens when the sovereign alleges injury to a sufficiently substantial segment of its population, articulates an interest apart from the interests of particular private parties, and expresses a quasi-sovereign interest.").

Thus, as a matter of law, ESI's equitable defenses (Second, Third, Fourth, Fifth, and Sixth Defenses) cannot defeat the People's unjust enrichment claim and should be stricken with prejudice as to that claim.

### c. ESI's Arbitration, Contract, and Business Consideration Defenses Should be Stricken with Prejudice as to the People's UCL Claim

ESI's arbitration, contract-existence, and business consideration defenses cannot, as a matter of law, defeat the People's UCL claim. First, arbitration and

other contractual agreements between a defendant and its alleged victims do not bar law enforcement actions brought under the UCL. As explained in *People v. Maplebear Inc.*, 81 Cal. App. 5th 923 (2022) the People cannot be forced into arbitration based on alleged arbitration agreements between the defendant and the alleged victims of its misconduct since the government "'does not stand in the [victim]'s shoes' for the purposes [of a UCL action]." *Id.* at 940 (citations omitted). Second, for a similar reason, ESI's assertion of a defense because of the "existence of a written contract or contracts" is barred because the purported existence of such contract(s) is "irrelevant" since this is "an action by the People to enjoin unlawful and fraudulent business practices; it is not an action by the individuals who were victimized by defendants." *James*, 122 Cal. App. 3d at 39–40. Third, "business considerations," such as those asserted in the Fifteenth Defense (justification) are not cognizable defenses in a UCL action. *Hobby Indus. Ass'n of Am., Inc. v. Younger,* 101 Cal. App. 3d 358, 371 (1980) (holding that there was nothing in the UCL "that would support a conclusion that one can assert defenses such as business considerations, or lack of deception or fraud").[1] Accordingly, these defenses (Ninth, Eleventh, and Fifteenth Defenses) should be stricken with prejudice as to the People's UCL claim.

---

[1] ESI cannot support its business justification defense by reference to the "safe harbor" referenced in C*el-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 182 (1999). *Id.* ("When specific legislation provides a 'safe harbor,' plaintiffs may not use the general unfair competition law to assault that harbor."). Express Scripts cannot do so without making its Fifteenth Defense redundant of its Fourteenth Defense, which references the UCL safe harbor. (ESI Answer, ECF No. 4, 31:22-23.) Redundant defenses are impermissible. Fed. R. Civ. Proc. 12(f) (allowing courts to strike redundant matter); *see Gibson Brands, Inc. v. John Hornby Skewes & Co.,* CV 14–00609 DDP (SSx), 2014 WL 4187979, at *5 (C.D. Cal. Aug. 22, 2014) ("Plaintiff is correct that defenses thirteen and twenty-three are duplicative . . . . Defendant, therefore, cannot claim these defenses separately.") (citation omitted).

**B.   ESI's Seventh and Tenth Defenses Fail as a Matter of Law Because They are Immaterial and Impertinent and Should Be Stricken with Prejudice**

ESI's Seventh Defense (failure to mitigate damages) and Tenth Defense (election of remedies) should be stricken because they are immaterial and impertinent to the People's claims. A matter is immaterial under Federal Rule of Civil Procedure 12(f) when it has "no essential or important relationship to the claim for relief or defenses being pleaded." *Powell v. Wells Fargo Home Mortg.*, No. 14-CV-04248-MEJ, 2017 WL 2720182, at *2 (N.D. Cal. June 23, 2017) (citation omitted). Matters are impertinent when they "do not pertain, and are not necessary, to the issues in question." *Id.* (citation omitted).

Here, as to mitigation, the People are not seeking damages. Moreover, "[m]itigation of damages is . . . inapplicable" in cases involving UCL claims. *G & G Closed Cir. Events, LLC v. Nguyen*, No. 10-CV-00168-LHK, 2010 WL 3749284, at *5 (N.D. Cal. Sept. 23, 2010). Similarly, while the election of remedies doctrine is usually reserved for contract actions, the People are not asserting a contract-based claim. *J & J Sports Prods., Inc. v. Bear*, No. 1:12-CV-01509-AWI, 2013 WL 708490, at *6–7 (E.D. Cal. Feb. 26, 2013) (striking election of remedies defense). As such, the People request that the Court strike ESI's Seventh and Tenth Defenses with prejudice as to the UCL and unjust enrichment claims.

**C.   ESI's Second, Third, Fourth, Fifth, Sixth, Seventh, Ninth, Tenth, Eleventh, and Fifteenth Defenses Are Insufficient as a Matter of Pleading and Should Be Stricken**

An affirmative defense is insufficient as a matter of pleading when it fails to provide plaintiff "fair notice of the defense." *McCune v. Munirs Co.,* No. 2:12-CV-02733-GEB, 2013 WL 5467212, at *1 (E.D. Cal. Sept. 30, 2013).[2] "Fair notice

---

[2] There is a split of authority over the pleading standard for affirmative defenses. *Transamerica Life Ins. Co. v. Rabadi*, No. CV 15-07623-RSWL-EX, 2016 WL 7444912, at *2 (C.D. Cal. Mar. 21, 2016) ("Courts within the Ninth Circuit are split on the issue of whether the pleading standard articulated in *Bell Atlantic*

general requires that the defendant state the nature and grounds for the affirmative defense." *Id.* (citation omitted). Under the fair notice standard "bare bones conclusory allegations are insufficient." *Id.* (citations and alterations omitted). "An affirmative defense which simply states a legal conclusion or theory is insufficient to provide fair notice." *Id.* (citations and alterations omitted).

In addition to the legal defects discussed above, ESI's Second Defense (estoppel), Third Defense (laches), Fourth Defense (unclean hands), Fifth Defense (waiver), Sixth Defense (*in pari delicto*), Seventh Defense (failure to mitigate damages), Ninth Defense (arbitration), Tenth Defense (election of remedies), Eleventh Defense (existence of a contract), and Fifteenth Defense (justification) should be stricken as insufficiently pleaded because they are conclusory and lack any supporting facts. *Rosen v. Masterpiece Mktg. Grp., LLC*, 222 F. Supp. 3d 793, 802, 804–05 (C.D. Cal. 2016) (conclusory defenses that lack facts are insufficiently pleaded); *Sec. & Exch. Comm'n v. Semisub, Inc.*, No. CV 22-00349 SOM/KJM, 2022 WL 14619611, at *5 (D. Haw. Oct. 25, 2022) (striking "laundry list" of defenses including unclean hands, failure to mitigate, and estoppel, where the plaintiff "has failed to point to anything supporting any of these defenses"); *Tollefson v. Aurora Fin. Grp., Inc.*, No. C20-0297JLR, 2021 WL 462689, at *3–4 (W.D. Wash. Feb. 9, 2021) (striking failure to mitigate defense for being vague about "which damages [plaintiff] allegedly failed to mitigate" and striking equitable defenses for lacking "any factual allegations concerning these defenses").

Without more, it is unclear how these defenses apply in this law enforcement action. For instance, there are no facts in ESI's Answer that suggest the Sixth Defense (*in pari delicto*) is relevant. *See Casey v. U.S. Bank Nat. Assn.,* 127 Cal.

---

*Corporation v. Twombly* and *Iqbal v. Ashcroft* . . . extends to the pleading of affirmative defenses. . . .") (citing 550 U.S. 544 (2007), and 556 U.S. 662 (2009), respectively). Because ESI fails even the more lenient pleading standard (the fair notice standard), that is the standard discussed in this motion.

App. 4th 1138, 1143 n.1 (2005) (noting the doctrine of *in pari delicto* applies when one participant in the alleged wrongdoing seeks to recover from the other participant in the alleged wrongdoing). Similarly, with respect to the Seventh Defense (mitigation), it is unclear from the ESI Answer which persons ESI claims should have engaged in mitigation efforts or what those mitigation efforts should have been. Likewise, with respect to the Ninth Defense (arbitration), it is unclear from the ESI Answer whether ESI is a party to the agreement to arbitrate, who the other signatories are, when the arbitration agreement was entered, and what the agreement's terms are.

Accordingly, to the extent the Court does not strike these defenses with prejudice because they are defective as a matter of law, they should be stricken as insufficiently pleaded as to both the People's UCL and unjust enrichment claims.

## II. THE PEOPLE WILL BE PREJUDICED IF ESI'S DEFECTIVE DEFENSES ARE NOT STRICKEN

There are sound policy reasons to strike legally or factually insufficient affirmative defenses, especially those aimed at the government in a law enforcement proceeding.[3] Law enforcement agencies protecting the public interest should not be thwarted or distracted by legally insufficient and conclusory allegations.

This is not an abstract concern in this case. As reflected in the parties' Joint Rule 26(f) report, Defendants, including ESI, intend to propound discovery on the People. (ESI No. 56, 12:18-13:18.) ESI will likely seek discovery from the People regarding its affirmative defenses. Thus, permitting ESI's improperly asserted defenses to stand would subject the People to irrelevant and overly broad discovery,

---

[3] The existence of prejudice is not a prerequisite for a motion to strike, as the plain language of Federal Rule of Civil Procedure 12(f) does not reference prejudice. However, some courts take into account prejudice to the moving party when ruling on a motion to strike. *Transamerica Life Ins.*, 2016 WL 7444912, at *4.

with no discernible relation to the claims asserted, and would set a dangerous precedent for all government enforcement actions. *See J & J Sports Prods., Inc. v. Luhn*, Civ. No. 2:10–3229 JAM CKD, 2011 WL 5040709, at *1 (E.D. Cal. Oct. 24, 2011) (courts may find prejudice "where a party may be required to engage in burdensome discovery around frivolous matters."); *see also Transamerica Life Ins.*, 2016 WL 7444912, at *4 (noting that "confusion of the issues" is a form of prejudice and holding that "[i]n the absence of more specific allegations, [the party] will suffer prejudice in the form of confusion if the above-mentioned defenses are not stricken").

Even with respect to the First and Thirteenth Defenses (the non-cognizable defenses), the People will be prejudiced if they remain in ESI's Answer. For instance, it would be nonsensical to conduct discovery on ESI's ability to state a claim. As another example, it would likewise be nonsensical to conduct discovery on the People's standing to assert a UCL claim because the People's standing is unambiguously conferred by the statute. Cal. Bus. Prof. Code § 17204 (UCL actions "shall be prosecuted exclusively in a court of competent jurisdiction by the Attorney General. . . .").

The Court should dispose of ESI's legally and factually defective defenses so they do not distract from the real issues in this case.

## CONCLUSION

For the foregoing reasons, ESI's First, Second, Third, Fourth, Fifth, Sixth, Seventh, Tenth, and Thirteenth Defenses should be stricken with prejudice as to both the People's UCL and unjust enrichment claims. The Ninth, Eleventh, and Fifteenth Defenses should be stricken with prejudice as to the People's UCL claim.

Dated: April 10, 2023

R OB B ONTA
Attorney General of California
R ENUKA G EORGE
Senior Assistant Attorney General
Emilio Varanini
Supervising Deputy Attorney General

*/s/ Darcie Tilly*
Darcie Tilly (SBN 239715)
Deputy Attorney General

J OHN O HANESIAN (SBN 258938)
Deputy Attorney General
  300 South Spring Street, Suite 1702
  Los Angeles, CA 90013-1230
  Phone: (213) 269-6000
  Facsimile: (916) 731-2119
  Email: John.Ohanesian@doj.ca.gov

R YAN M C E WAN (SBN 285595)
Deputy Attorney General
  1300 "I" Street
  Sacramento, CA 95814-2919
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Phone: (916) 210-7548
  Facsimile: (916) 327-2247
  Email: Ryan.McEwan@doj.ca.gov

*Attorneys for the People of the State of California*

**CERTIFICATE OF COMPLIANCE PURSUANT TO L.R. 11-6.2**

The undersigned, counsel of record for the People of the State of California certifies that this brief contains 3,486 words, excluding caption, the table of contents, the table of authorities, the signature block, and this certification, which complies with the word limit of L.R. 11- 6.1.

*/s/ Darcie Tilly*
Darcie Tilly